Dear Mr. Ratcliff:
This is in answer to your recent opinion request reading as follows:
 "Senate Bill No. 779, 79th General Assembly provides for additional duties and compensation for county assessors:
 "53.075. Each county assessor in all counties except counties of the first class with or without a charter form of government shall, in addition to all other duties provided by law, place identification numbers, letters or names of all school districts and other political subdivisions authorized by law to levy a tax in proper columns provided therefor on the land list and personal property list.
 "53.076. As compensation for the extra duties imposed by section 53.075, each county assessor shall receive, in addition to all other compensation provided by law, the sum of three thousand six hundred dollars annually paid in equal monthly installments out of the county treasury at the same time and in the same manner as the other compensation for county assessors.
 "The county assessor has the land list and personal property list to the County Clerk by the 1st day of June of each year.
 "QUESTION OF LAW: Under Senate Bill No. 779, 79th General Assembly can the County Assessor be paid for 1978 when he in fact should have turned the lists over prior to the effective date of said Senate Bill?
 "QUESTION OF LAW: If the County Assessor in fact did not perform the additional duties set forth in Senate Bill No. 779 can he be paid for 1978?"
Senate Bill No. 779 of the 79th General Assembly, to which you refer and which will become effective August 13, 1978, provides in part as follows:
 "Section 1. Chapters 53 and 65, RSMo, are amended by inserting therein four new sections to be known as sections 53.075, 53.076, 65.246, and 65.247, to read as follows:
 "53.075. Each county assessor in all counties except counties of the first class with or without a charter form of government shall, in addition to all other duties provided by law, place identification numbers, letters or names of all school districts and other political subdivisions authorized by law to levy a tax in proper columns provided therefor on the land list and personal property list.
 "53.076. As compensation for the extra duties imposed by section 53.075, each county assessor shall receive, in addition to all other compensation provided by law, the sum of three thousand six hundred dollars annually paid in equal monthly installments out of the county treasury at the same time and in the same manner as the other compensation for county assessors."
We believe that the answer to your question is found in the enclosed Opinion No. 41, rendered February 2, 1972, to A. J. Seier.
The above opinion holds that where an increase in compensation is provided for the performance of duties by county officials, such increased compensation cannot be paid during the initial year in which it is impossible for the county officials to perform such services.
Section 137.245, RSMo Supp. 1976, provides in part as follows:
 "1. The assessor, except in St. Louis city, shall make out and return to the county governing body, on or before the thirty-first day of May in every year, the assessor's book, verified by his affidavit annexed thereto, in the following words:
 ". . . . . . . . . . being duly sworn, makes oath and says that he has made diligent efforts to ascertain all the taxable property being or situate, on the first day of January last past, in the county of which he is assessor; that, so far as he has been able to ascertain the same, it is correctly set forth in the foregoing book, in the manner and the value thereof stated therein, according to the mode required by law."
Under the provisions of such section, the assessors in second, third and fourth class counties are required to complete the assessor's book and return to the county governing body such book on or before May 31 of each year. It is obvious that on August 13, 1978, the effective date of Senate Bill No. 779, the time will have long passed when the county assessor could have performed the duty required by Senate Bill No. 779 for the year 1978.
However, assessors' terms commence on the first day of September next after their election under Section 53.010, RSMo. Therefore it is our view that such assessors are entitled to such additional compensation beginning with the monthly installment for September, 1978.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure: Op. No. 41, 2/2/72, Seier